|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | CENTRAL DISTRICT OF CALIFORNIA |
| 10 | |

| | | |
|---|---|---|
| 11 | SWEET PEOPLE APPAREL, INC. d/b/a MISS ME, a California corporation, | ) ) ) | Case No.: CV 12-07795 (PSG) (MANx) |
| 12 | | | **PROTECTIVE ORDER** |
| 13 | Plaintiff, | ) ) | |
| 14 | v. | ) | |
| 15 | ITC GIRL LLC, d/b/a TRU LUX, a Texas limited liability company, and JOHN DOES 1-10, inclusive, | ) ) ) | |
| 16 | | ) | |
| 17 | Defendants. | ) ) | |
| 18 | | ) | |
| 19 | ITC GIRL LLC, d/b/a TRU LUX, a Texas limited liability company, | ) ) ) | |
| 20 | Counterclaimant, | ) ) | |
| 21 | v. | ) | |
| 22 | SWEET PEOPLE APPAREL, INC. d/b/a MISS ME, a California corporation | ) ) ) | |
| 23 | | ) | |
| 24 | Cross-Defendant. | ) ) | |
| 25 | | ) | |
| 26 | | ) | |
| 27 | | | |
| 28 | | | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' [Proposed] Stipulated Protective Order filed on August 13, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs B, H, N (omitted), and O (redesignated as N, retitled, and edited by the Court) of the [Proposed] Stipulated Protective Order.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential Information, Confidential – Attorneys' Eyes Only, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential Information, Confidential – Attorneys' Eyes Only, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The Court has stricken their good cause statement, because a specific showing of good cause or compelling reasons (see below) for filing under seal, **with proper evidentiary support and legal justification**, must be made with respect to each document or item designated as Confidential Information, Confidential – Attorneys' Eyes Only, or other designation(s) used by the parties, which a party seeks to have filed under seal. The parties' mere designation of any information, document, or thing as Confidential Information, Confidential – Attorneys' Eyes Only, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## **TERMS OF PROTECTIVE ORDER**

**A.  Definition of "Confidential Information" and "Confidential - Attorneys' Eyes Only"**

1. "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

   a. is protected as a "Trade Secret" under the Uniform Trade Secrets Act, California Civil Code Section 3426, *et. seq.*, as defined at Section 3426.1(d): "[I]nformation, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstance to maintain its secrecy"; or

   b. is otherwise regarded by a party as being confidential, private, or proprietary in nature, including for example personal and private information regarding individuals such as personnel records; and

   c. as illustrative examples only, the parties anticipate that the following descriptive categories will be designated as Confidential Information under this Protective Order, including, but not limited to, employee records and information, customer lists, confidential financial information of the parties, including profit margins, sales data, profits, and retail sales summaries, vendor lists, order summaries, confidential contracts, and proprietary fabric/style specifications and unpublished designs.

  2. "Confidential - Attorneys' Eyes Only" as used herein, means Confidential Information that consists of Trade Secrets as defined in the California Trade Secrets Act and are: (1) current business plans; (2) sales and financial projections; (3) tax returns and financial statements; (4) sales and cost information; and (5) customer lists.

  3. Confidential Information is unlimited in kind or form and includes, by way of example only and without limitation thereto, information relating to the following: any products, designs, specifications, tests, plans, studies, surveys, manufacture, distribution, marketing, promotion, advertisement, sales, opportunities, vendors, customers, financial matters, costs, sources, prices, profits, research, development, analysis, know-how, show-how, personnel, strategies, or competition.

B.  **Production of Confidential Information**

1. All efforts by any party or witness in this matter to designate any information as "Confidential" or "Confidential - Attorneys' Eyes Only" shall be governed by the terms of this Protective Order. The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party." By receiving any property designated as "Confidential" or "Confidential - Attorneys' Eyes Only," the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such property and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication, or dissemination of such property.

2. All Confidential Information produced by the Disclosing Party to the Receiving Party in whatever form (*e.g.*, documents, materials, things, testimony or other information) during the course of this matter shall be designated "Confidential" or "Confidential - Attorneys' Eyes Only" in accordance with the terms of this Protective Order, *infra*, prior to disclosure, by use of a reasonably conspicuous and prominent mark. In the case of documents, the mark shall be on every page.

3. **Exercise of Restraint and Care in Designating Material for Protection**: Each party or non-party that designates documents or information for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only the documents or information that qualifies. In that regard, mass and/or indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

**C.     Levels of Confidentiality**

Any information designated as "Confidential" or "Confidential - Attorneys' Eyes Only" shall be restricted in accordance with the following levels of confidentiality:

1. "Confidential - Attorneys' Eyes Only" -- Information designated as "Confidential - Attorneys' Eyes Only" shall be restricted to viewing, copying by, and disclosure to:

    a. Attorneys acting on behalf of the parties in this matter, including in-house counsel for the parties;

    b. The office personnel employed by the counsel working under the direct supervision of said counsel;

    c. The United States District Court for the Central District of California and all clerks and other personnel in the United States District Court for the Central District of California before which this action is pending; and

    d. Experts and consultants necessarily retained by counsel of record in this litigation, but only if these experts and consultants comply with this agreement in full and read, sign, and agree to be bound by all of its terms.

2. "Confidential" -- Information designated as "Confidential" shall be restricted to viewing, copying by, and disclosure to:

    a. All "Confidential - Attorneys' Eyes Only" persons; and

    b. All employees, officers, and directors of each party of record who have a need to know the information to assist counsel in connection with the litigation.  It is not necessary that each such person sign this Protective Order, provided that the Receiving Party has previously notified all employees, officers, and directors of the existence of this Protective Order, its terms, and the consequences of an unauthorized disclosure.

**D.     Depositions**

   1.   Any party may designate testimony on oral deposition as "Confidential" or "Confidential - Attorneys' Eyes Only". The designation of such testimony shall be made at any point during the deposition by so stating on the record and identifying the level of protection desired.

   2.   Once testimony has been designated as "Confidential" or "Confidential - Attorneys' Eyes Only," only the following persons shall be present for the answer:

   i.   Persons authorized under this Protective Order;

   ii.  The deponent; and

   iii. The reporter and videographer.

   3.   Each court reporter and videographer participating in any deposition shall be provided with a copy of this Protective Order and shall adhere to its provisions. Each court reporter must separately bind those portions of deposition transcripts and related exhibits deemed confidential and shall further separate into separate bound deposition transcripts -- by the various levels of confidentiality -- and shall thereon place a reasonably conspicuous and prominent designation on the first page of each such bound transcript or exhibits.

   4.   A deponent and/or party shall have until seven (7) days after receipt of a deposition transcript to designate additional portions of the transcript "Confidential" or "Confidential - Attorneys' Eyes Only" under this Protective Order.

   5.   Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked as designated.

   6.   Prior to the expiration of seven (7) days, a deposition transcript and/or the substance of a deponent's answers may be disclosed only to those persons authorized to receive items designated as "Confidential - Attorneys' Eyes Only" and the deponent.

### E. Items Filed with the Court

If a party or any other person subject to this Protective Order wishes to file or lodge with the Court any document that contains or attaches any Confidential Information, or any document that contains, reflects, or summarizes Confidential Information, that party or person shall comply with the procedures set forth in Local Rule 79-5.1 of the Local Rules of the United States District Court for the Central District of California [Filing Under Seal - Procedures].

### F. Inadvertent Disclosure

1. The inadvertent or unintentional disclosure of "Confidential" or "Confidential - Attorneys' Eyes Only" information, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of protection under this Protective Order either as to the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting a claim of protection informs the opposing parties of its claim within a reasonable time.

2. If notified of the inadvertent or unintentional disclosure of Confidential Information as described in the above paragraph, the Receiving Party shall promptly sequester and protect any protected information identified by the Disclosing Party to have been inadvertently or unintentionally disclosed to the Receiving Party upon being notified of the Disclosing Party's claim of protection. If the Receiving Party disclosed the protected information before being notified of the Disclosing Party's claim of protection, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the Disclosing Party.

### G. Acknowledgment of Protective Order

Each person required by this Protective Order to sign a statement agreeing to be bound by the Protective Order must sign the statement set forth in Exhibit A to this Protective Order and deliver the executed statement to the Disclosing Party.

### H. Agreement of Parties to Protective Order

All parties to this action, their counsel, and all other persons subject to this Protective Order shall be bound by this Protective Order and shall abide by all of the terms of this Protective Order until otherwise ordered by the United States District Court for the Central District of California or by written notice releasing them from the respective obligations received from the Disclosing Party.

This Protective Order is not intended to govern the use of Confidential Information at any trial of this action. Questions of the protection of Confidential Information during trial will be presented to the Court and the Designating Party **as early as practicable** prior to or during trial.

### I. Continuing Effect of Protective Order

Unless counsel agrees otherwise in writing, within ninety (90) days of the final disposition of this action, whether by final adjudication on the merits, including any appeals, or by other means, the attorneys for the parties shall return promptly to the Disclosing Party from whom they were obtained, all documents, other than attorney work-product, which constitute or include material that has been designated "Confidential" or "Confidential - Attorneys' Eyes Only," or destroy same, and return or destroy all copies made thereof, including all documents, or copies provided by a Receiving Party to any other person. At the conclusion of the 90-day period, counsel for each party shall represent in writing under penalty of perjury that to his or her knowledge and belief the party has either returned or destroyed all Confidential Material in accordance with this Protective Order. Notwithstanding the foregoing, counsel for the parties shall be permitted to retain a file copy of materials created during the course of the litigation, or made part of the record, or which have been filed under seal with the Clerk of the Court, and a copy of all depositions, including exhibits, and deposition evaluations. Such file copies containing Confidential Information must be maintained under the conditions set forth in this Protective Order for such designated materials.

### J.     Additional Relief

No party is prevented from seeking relief not provided by this Protective Order, or otherwise seeking relief from the United States District Court for the Central District of California, as may be appropriate to protect its interests or otherwise prepare this matter for trial.

### K.     Challenging Designation of Materials

1.     Any Receiving Party disagreeing with the designation of any document or information as "Confidential" or "Confidential - Attorneys' Eyes Only" shall notify the Disclosing Party in writing.  The Disclosing Party shall then have a reasonable period, not exceeding five (5) court days, from the date of receipt of such notice to advise the Receiving Party in writing:  (1) whether or not the Disclosing Party persists in such designation; and (2) if the Disclosing Party persists in the designation, to explain the reasons for the particular designation.  If the parties are still in disagreement, they shall confer by phone or in person within five (5) court days of the Disclosing Party's written response in an effort to resolve this dispute.  If this effort is unsuccessful, the Receiving Party may then initiate the procedure for filing a joint stipulation pursuant to Local Rule 37-2 of the Local Rules of the United States District Court for the Central District of California and moving the Court for an order removing the particular designation and replacing it with a different designation or no designation.  The procedure detailed in this paragraph is deemed to comply with the pre-filing conference of counsel process required by Rule 37-1 of the Local Rules of the United States District Court for the Central District of California and Federal Rules of Civil Procedure 37(a)(1).  Except as otherwise expressly provided herein, the parties shall comply with all other requirements of Local Rules 37-2, 37-3, 37-4 of the Local Rules of the United States District Court for the Central District of California, and any subparts thereto and of Federal Rule of Civil Procedure 37 governing discovery motions.  The Designating Party who asserts that the document or information is "Confidential" or "Confidential - Attorneys' Eyes Only" shall have the initial burden

of proving that the designation is proper. Information designated "Confidential" or "Confidential - Attorneys' Eyes Only" by a Disclosing Party shall be treated as such by a Receiving Party unless otherwise agreed to by the parties or otherwise ordered by the Court or by any appellate court, should appellate review be sought.

    2.    The failure of a Receiving Party to challenge expressly a claim of confidentiality or the designation of any document or information as "Confidential" or "Confidential - Attorneys' Eyes Only" at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not appropriately designated for any reason.

    3.    Except as set forth in Paragraph 1 above regarding the pre-filing conference of counsel procedure for challenging the designations of any materials under the Order, Local Rule 37 and Federal Rule of Civil Procedure 37 govern the procedure for resolving any disputes related to this Protective Order. Rule 37(a)(5) of the Federal Rules of Civil Procedure governs the award of fees and costs associated with bringing and/or defending a motion to resolve any dispute related to this Protective Order, including the challenging of a designation.

**L.**    **Use for This Litigation Only**

    1.    Items designated under this Protective Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

    2.    In the event that any party and/or recipient of Confidential Information pursuant to this Protective Order is served with subpoena, legal process, order, or otherwise requested to disclose any Confidential Information (the "Disclosing Entity") by any person or entity not covered by this Protective Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party

1 | who may be adversely affected by the disclosure, except to the extent that such notice
2 | is precluded by law.  The party asserting the confidential treatment of the Confidential
3 | Information shall have the burden of defending against any such subpoena, legal
4 | process or order.

      **M.**    **Prior Orders**

This Protective Order shall not affect any prior order of the Court.

      **N.**    **Modification by Court Order**

The Parties reserve the right to seek, upon good cause, modification of this Protective Order by the Court.

**IT IS SO ORDERED.**

Dated:  September 13, 2013      _____

                                                   MARGARET A. NAGLE

                                  UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

**UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Sweet People Apparel, Inc. d/b/a Miss Me v. ITC Girl LLC d/b/a Tru Lux et al.*, No. 12-Civ-07795 (PSG) (MANx).

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:         _____, 2013

City and State where sworn and signed:         _____

Signed:   _____          _____
                [Print Name]                              [Signature]